IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD JOHNSON | : | CIVIL ACTION |
| v. | : | |
| UNITED STATES OF AMERICA | : | NO. 07-CV-0935 |

## MEMORANDUM AND ORDER

Ditter, J.                                                                                                            August 16, 2007

      This is an action to quiet title in which the plaintiff challenges the government's efforts to collect delinquent taxes. He does not contest the lawfullness or the amount of the tax deficiency, but contends that a complaint to reduce two tax assessments to judgment was filed beyond the time allowed by the statute of limitations and therefore a lien obtained by that suit is void. For the reasons that follow, I will grant the government's motion to dismiss but allow plaintiff to file an amended complaint.

      The plaintiff is Harold Johnson. On June 7, 2002, the United States filed suit alleging that on July 31, 1989, it filed tax assessments against Johnson for taxes due in 1985 and 1986. Although served with the complaint, a notice of a motion for default, and a motion for the entry of default judgment, Johnson did not respond. As a result, on November 19, 2003, default judgment was entered for the amount of the government's claim and subsequent interest. Johnson did not file a motion to vacate the judgment or take an appeal. Based upon that judgment, the government placed a lien on Johnson's property.

      Johnson brings the present action "to strike and declare as contrary to law" the default judgment and asks that "any and all liens and encumbrances of Plaintiff's real and personal property be discharged and released." He relies on 28 U.S.C. §2410(a) which provides "the

United States may be named a party in any civil action or suit in any district court . . . to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." He carefully notes that he is not challenging that the taxes were due or that the assessments were properly filed.

In its motion to dismiss, the government contends that as a result of the default judgment in the 2002 case, this action is barred by the doctrine of res judicata. Based on the holdings of *Aqua Bar & Lounge, Inc. v. United States*, 539 F.2d 935 (3d Cir. 1976), and *Kabakjian v. United States*, 267 F.3d 208 (3d Cir. 2001), Johnson asserts res judicata is not applicable because he is proceeding with a separate and independent cause of action to quiet title under 28 U.S.C. §2410 to have the 2002 default judgment declared void.

Both *Aqua Bar* and *Kabakjian* were actions to quiet title under §2410 and were before the Court on Appeals from the grant of motions to dismiss. They are distinguishable from Johnson's claim in that they challenged the legality of the administrative procedures used to enforce the underlying tax lien. In both *Aqua Bar* and *Kabakjian*, the plaintiffs alleged that the government failed to comply with the requirements of 26 U.S.C. § 6335 for the sale of seized property. *See Aqua Bar*, 539 F.2d at 936; *Kabakjan*, 267 F.3d at 209.

In *Robinson v. United States*, 920 F.2d 1157 (3d Cir. 1990), the plaintiffs were permitted to use § 2410 to question a procedural lapse by the IRS. Again the matter was before the Court of Appeals from the grant of a motion to dismiss, and therefore it was uncontested that the plaintiffs had never received notice of a tax deficiency, a necessary step before an assessment could be made against them. *Id.* at 1158. The lack of notice was pivotal to the Court's decision, which specifically stated that the plaintiffs' request for relief was "based solely on the lien's

procedural infirmity resulting from the failure to send the notice of deficiency." *Id.* at 1161.

The common thread of *Aqua, Kabakjan,* and *Robinson* is the failure of the IRS to follow its own administrative procedures to obtain a lien. As *Robinson* points out, Congress has created an elaborate system for the collection and dispute of tax matters and the failure of the IRS to follow that procedure denied the Robinsons the opportunity to litigate the merits of the alleged deficiency.

Here a different question is presented. Johnson contends that the procedural lapse was the bringing of suit and the obtaining judgment beyond the time allowed by the statute of limitations.[1] Unquestionably that is exactly what happened. However, Johnson was afforded the opportunity to raise that defense in the 2002 suit and he simply did not do so. He makes no claim that the government failed to provide him with notice or that he was denied a fair opportunity to litigate the merits of the proceeding against him. Res judicata, or claim preclusion "prohibits reexamination not only of matters actually decided in the prior case, but also those that the parties might have, but did not, assert in that action." *Edmundson v. Borough of Kennett Square,* 4 F.3d 186, 189 (3d Cir. 1993).

In his brief contesting the government's motion to dismiss, Johnson asks for leave to file an amended complaint. Though his request is presented in a somewhat informal manner to which the government has not been given an opportunity to respond, I will grant it so long as the amended complaint is filed within fifteen days from the date of the order which follows.

---

[1] In 1989 when the assessments for the tax years 1985 and 1986 were made, the statute of limitations for proceeding to collect taxes by levy or proceeding in court was six years. In 1990, Congress amended the statute and the time was increased to ten years. I need not decide which statute applies for the 2002 action was brought almost 13 years after the assessments.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD JOHNSON | : | CIVIL ACTION |
| v. | : | |
| UNITED STATES OF AMERICA | : | NO. 07-CV-0935 |

## ORDER

AND NOW, this 16th day of August, 2007, the motion of the United States to dismiss the complaint of plaintiff (Dkt. # 4), is HEREBY GRANTED, but the plaintiff is given leave to file an amended complaint within fifteen days from the date of this order.

BY THE COURT:

/s/ J. William Ditter, Jr.
J. WILLIAM DITTER, JR., S.J.