IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD JOHNSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | NO. 07-CV-0935 |

## MEMORANDUM AND ORDER

In this declaratory judgment and equitable relief action, plaintiff asks me to declare that a default judgment entered against him more than four years ago for the assessment of taxes admittedly due the United States was obtained after the expiration of the statute of limitations. Plaintiff alternatively seeks relief from default judgment by way of reopening the judgment and allowing plaintiff to defend the action.

Before me is the government's motion to dismiss the plaintiff's amended complaint, or alternatively a motion for summary judgment, and plaintiff's cross-motion for summary judgment. For the reasons that follow, I will grant the government's motion to dismiss, and therefore do not consider the motion for summary judgment, and I will deny the plaintiff's cross-motion for summary judgment.

Johnson's initial complaint, filed on March 7, 2007, was an action to quiet title seeking to "strike and declare void as contrary to law" the default judgment entered against him on November 19, 2003. Compl. ¶¶ 1 and 4. On August 16, 2007, I dismissed plaintiff's action to quiet title because I found that plaintiff's statute of limitations defense was barred by res judicata for his failure to raise it when the government brought suit against him on June 7, 2002. I noted that plaintiff made "no claim that the government failed to provide him with notice or that he was denied a fair opportunity to litigate the merits of the proceedings against him." Because such a

claim could potentially provide a basis for opening the default judgment, I allowed the plaintiff to amend his complaint.

Plaintiff's amended complaint, filed on September 4, 2007, seeks a declaration that the default judgment was obtained after the applicable statute of limitations had expired (Am. Compl. ¶ 2), the same argument he made in his first complaint, and seeks equitable relief from a final judgment (Am. Compl. ¶ 3).  In plaintiff's response to the government's motions, he asserted a cross-motion for summary judgment seeking a declaration that the default judgment is void, that the taxes assessed are unrecoverable, and that all liens and encumbrances on plaintiff's property be discharged and released (Pl's Resp. ¶¶ 7-9).

Johnson's statute of limitations defense continues to be barred by res judicata.  Despite the second opportunity, Johnson has failed to allege in his amended complaint that he did not receive notice of the 2002 proceeding or that he was denied a fair opportunity to challenge the government's efforts to reduce the assessments to judgment.  Johnson's motion for summary judgment on the validity of the statute of limitations defense must be denied.

Johnson seeks equitable relief by merely stating without explaining "Plaintiff meets the equitable criteria for reopening the default judgment and interposing all meritorious defenses thereto."  I disagree.

The Third Circuit requires the consideration of four factors when deciding a motion to set aside a default judgment: (1) prejudice to the non-movant; (2) whether the movant has a meritorious defense; (3) whether the movant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions.  *Emasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

Johnson admits that he did not appear or defend the 2002 action on which default judgment was entered (Pl's Brief, p.2) and he again states that he does not challenge the lawfulness or the amount of the tax deficiencies assessed against him (Am. Compl. ¶ 10).  In fact, Johnson's only proffered explanation for his lack of appearance is that he didn't show up "either through inadvertence, excusable neglect, or other failure . . . Plaintiff has no other basis on which to demonstrate to the Court that the action was initiated after the expiration of the applicable statute of limitations and contrary to law."  Am. Compl. ¶ 14.

Johnson's conclusory statements do not suffice to explain why, after doing nothing for four years, he should be entitled to reopen the claim against him and assert a defense that he could have raised in 2002.  Instead, the length of delay in seeking to open the default judgment and his total lack of explanation show a hopeful disregard for the judicial process.

Although culpable conduct is just one factor of four to weigh in deciding to reopen a default judgment, I find that the plaintiff has failed to plead he is entitled to equitable relief. Even without prejudice to the government, because there is no risk of a loss of evidence or potential fraud, and although if the default were lifted the plaintiff could argue that the statute of limitations had expired before the government filed it's initial action, equity here demands that the default judgment be upheld.

An appropriate order follows.

                                                            BY THE COURT:


                                                            /s/ J. William Ditter, Jr.
                                                            J. WILLIAM DITTER, JR., S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD JOHNSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | NO. 07-CV-0935 |

## **ORDER**

And now, this 9th day of January, 2008, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment (Dkt. # 11) is DENIED and the United States' motion to dismiss the amended complaint (Dkt. # 8) is GRANTED and the motion for summary judgment (Dkt. # 8) is thereby moot. The amended complaint is hereby DISMISSED WITH PREJUDICE.

BY THE COURT:

/s/ J. William Ditter, Jr.
J. WILLIAM DITTER, JR., S.J.